[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION re DEFENDANT'S CITATION FOR MODIFICATION OF CHILD SUPPORT (#142)
The defendant has moved to modify the order entered on November 26, 1990, wherein the defendant was ordered to pay $160 for current child support and $240 on arrears for a total weekly payment of $400. The defendant also was moved to modify the allocation of income tax deductions for the minor children. A third request regarding modification of custody has been referred to the Family Relations Office and is not being addressed in this memo.
The defendant is a truck driver for Cierra Trucking, Inc., a company presently owned by his present wife and John Silva. Its principal business is storing and hauling road salt and sand. The defendant's present wife works full time in the trucking business, drawing $250 to $300 cash from the business weekly, and pays all household expenses for the defendant and herself via the corporate account, as well as paying $200 directly to Support Enforcement for the plaintiff's child support. The defendant has allocated $250 to himself as net disposable income weekly.
The commercial parcel of land where the trucking company is located was acquired by the defendant and John Silva's wife in 1989. The defendant transferred his interest to his present wife CT Page 6441 shortly thereafter. The parcel is now under a foreclosure of mortgage action, and corporate payroll taxes are unpaid and overdue.
First, the court notes that the present orders were entered by agreement, on a stipulation. The most recent financial affidavit on file at that time was dated and sworn to by the defendant on January 2, 1990. That affidavit listed $400 gross weekly earnings and $311.40 net weekly wage. His debts then totaled $14,500. Now the total is $13,424.21 on his affidavit.
The defendant's affidavit dated January 2, 1990 lists a gross weekly wage of $85 and $69.62 net. After the defendant's citation was served on the plaintiff on December 7, 1991, the plaintiff voluntarily stopped working at Encore Printing where she had been earning $120 weekly gross. She continued to work for Lamothe Construction 10 hours weekly and to receive $121.12 from Prospect Sandbank for a total net weekly income of $204.85. The court finds that the plaintiff's earning capacity is capable of generating $300 net weekly, since she has voluntarily curtailed her earnings. The plaintiff's earning capacity and earnings, which have developed since entry of the present order, constitute a substantial change in circumstances as to child support. The court notes that Article V of the Separation Agreement dated September 9, 1987 entitled "Periodic Alimony" provides that, upon the wife's remarriage the "unallocated alimony and support" shall be reduced to $240 weekly. It then states that,
 "It is anticipated that the wife will obtain gainful employment not to exceed $300 per week which shall not be considered a change in circumstances."
The combined incomes presently total $550. The Connecticut Child Support Guidelines provide, for one child over 12 years of age, $160. weekly. If the intent of Article V quoted above is to shift the plaintiff's share of child support for her income under $300 to the defendant, then his child support guideline is 100% or $160.
If the earnings cap is limited to alimony, then the defendant's child support would be less.
The court concludes that the earnings cap is not limited to the alimony aspect of Article V and is enforceable as to child support for it does not impair the child's independent right to support from each parent since the guideline total is met.
The child support order for the one remaining minor child is modified to $160. weekly, effective as of June 22, 1992. CT Page 6442
The parties have stipulated that there is an arrearage of $26,350 as of May 28, 1992. The defendant is ordered to pay the sum of $90 thereon effective June 22, 1992.
A wage withholding is ordered.
HARRIGAN, J.